# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

Civil Action No. 1:19-cv-00876-JLK

IHS MARKIT, LTD, a Bermuda Company,

        Plaintiff

v.

COLLIERS INTERNATIONAL WA, LLC,
a Delaware limited liability company,

        Defendant

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant Colliers International WA, LLC ("Colliers"), by and through its undersigned counsel, hereby submits the following Answer in response to the Complaint filed by Plaintiff IHS Markit, Ltd. ("Plaintiff"), dated February 28, 2019.

## INTRODUCTION

1. Colliers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint.

2. Colliers admits that CMN, Inc. and IHS, Inc., entered into a Preferred Real Estate Services Agreement on or about August 12, 2011, and states that the First Amendment to the Preferred Real Estate Services Agreement states that Colliers is "successor in interest to CMN Inc." regarding the Preferred Real Estate Services Agreement. The remaining allegations in Paragraph 2 of the Complaint contain legal conclusions to which no response is required. To the

extent that the allegations are construed to require a response, Colliers lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 of the Complaint.

3. Colliers admits the allegations in Paragraph 3 of the Complaint, except denies that the agreement between the parties consists only of the Preferred Real Estate Services Agreement and the First Amendment to Preferred Real Estate Services Agreement.

4. The allegations in Paragraph 4 of the Complaint contain legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, Colliers denies the allegations in Paragraph 4 of the Complaint.

## PARTIES

5. Colliers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint.

6. Colliers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint.

7. Colliers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint.

8. Colliers admits the allegations in Paragraph 8 of the Complaint.

9. Colliers denies the allegations in Paragraph 9 of the Complaint, except admits that it provides commercial real estate brokerage, advisory, and consulting services.

## JURISDICTION AND VENUE

10. The allegations in Paragraph 10 of the Complaint contain legal conclusions to which no response is required. To the extent that the allegations are construed to require a response,

Colliers states that the allegations in Paragraph 10 of the Complaint are no longer applicable because the action has been removed.

11. The allegations in Paragraph 11 of the Complaint contain legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, Colliers states that the allegations in Paragraph 11 of the Complaint are no longer applicable because the action has been removed.

12. The allegations in Paragraph 12 of the Complaint contain legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, Colliers states that the allegations in Paragraph 12 of the Complaint are no longer applicable because the action has been removed.

## GENERAL ALLEGATIONS

13. Colliers admits that Colliers provided commercial real estate brokerage, advisory, and consulting services to its counterparty pursuant to the Preferred Real Estate Services Agreement and amendments thereto. Colliers lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 of the Complaint.

14. Colliers denies the allegations in Paragraph 14 of the Complaint, except admits that Colliers received commissions on commercial real estate transactions pursuant to the Preferred Real Estate Services Agreement and amendments thereto.

15. The allegations in Paragraph 15 of the Complaint contain legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, Colliers respectfully refers the Court to the Preferred Real Estate Services Agreement and amendments thereto for a true, correct, and complete statement of its contents.

16. The allegations in Paragraph 16 of the Complaint contain legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, Colliers states that it maintained certain funds in what the parties sometimes referred to as a "rebate pool," and otherwise denies the allegations in Paragraph 16 of the Complaint.

17. The allegations in Paragraph 17 of the Complaint contain legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, Colliers respectfully refers the Court to the Preferred Real Estate Services Agreement and amendments thereto for a true, correct, and complete statement of their contents.

18. The allegations in Paragraph 18 of the Complaint contain legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, Colliers denies the allegations in Paragraph 18 of the Complaint.

19. Colliers admits the allegations in Paragraph 19 of the Complaint, except denies that the agreement between the parties consists only of the Preferred Real Estate Services Agreement and the First Amendment to Preferred Real Estate Services Agreement.

20. Colliers admits that it sent a letter on April 30, 2018 to Plaintiff and Colliers respectfully refers the Court to the April 30, 2018 letter for a true, correct, and complete statement of its contents.  Colliers otherwise denies the allegations in Paragraph 20 of the Complaint.

21. Colliers admits that Plaintiff has accurately quoted an excerpt of the April 30, 2018 letter to Plaintiff.  Colliers respectfully refers the Court to the April 30, 2018 letter for a true, correct, and complete statement of its contents.  Colliers otherwise denies the allegations in Paragraph 21 of the Complaint.

22. Colliers denies the allegations in Paragraph 22 of the Complaint, except admits that Plaintiff owes $213,333.33 to Colliers, comprised of $40,000 for each quarter from January 2017 through March 2018, plus a prorated amount of $13,333.33 for the second quarter of 2018.

23. The allegations in Paragraph 23 of the Complaint contain legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, Colliers denies the allegations in Paragraph 23 of the Complaint.

24. The allegations in Paragraph 24 of the Complaint contain legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, Colliers admits that the parties discussed a $40,000 quarterly payment to Colliers, and otherwise denies the allegations in Paragraph 24 of the Complaint.

25. The allegations in Paragraph 25 of the Complaint contain legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, Colliers denies the allegations in Paragraph 25 of the Complaint.

### **FIRST CAUSE OF ACTION**
**(Breach of Contract)**

26. Colliers incorporates each of the paragraphs above.

27. The allegations in Paragraph 27 of the Complaint contain legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, Colliers denies that the agreement between the parties consists only of the Preferred Real Estate Services Agreement and the First Amendment to Preferred Real Estate Services Agreement, and denies the allegations in Paragraph 27 of the Complaint.

28. The allegations in Paragraph 28 of the Complaint contain legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, Colliers denies the allegations in Paragraph 28 of the Complaint.

29. The allegations in Paragraph 29 of the Complaint contain legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, Colliers denies that the agreement between the parties consists only of the Preferred Real Estate Services Agreement and the First Amendment to Preferred Real Estate Services Agreement, and denies the allegations in Paragraph 29 of the Complaint.

30. The allegations in Paragraph 30 of the Complaint contain legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, Colliers denies the allegations in Paragraph 30 of the Complaint.

## PRAYER FOR RELIEF

Plaintiff's Prayer for Relief contains statements to which no responsive pleading is required. Colliers denies that Plaintiff is entitled to any damages or any of the other relief requested.

## GENERAL DENIAL

Colliers denies each and every allegation in the Complaint, except as expressly admitted or otherwise stated above.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff is estopped, in whole or in part, from recovering damages or any of the other relief requested.

3. Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any damages or injury resulting from any act or omission of Colliers.

4. Plaintiff's claims are barred, in whole or in part, due to waiver.

5. Colliers has fully performed its obligations to Plaintiff pursuant to the Preferred Real Estate Services Agreement and amendments thereto.

## **CONCLUSION**

WHEREFORE, Colliers respectfully requests that the Court enter judgment in its favor, against Plaintiff, as follows:

a. A judgment denying all relief against Colliers;

b. Awarding Colliers its attorneys' fees, costs, and expenses pursuant to the parties' agreement;

c. For such other relief as the Court deems just and proper.


Dated:  April 19, 2019                     Respectfully Submitted,


                                           By: /s/ *Todd R. Seelman*
                                           Todd R. Seelman
                                           Arthur Biller
                                           LEWIS BRISBOIS BISGAARD & SMITH LLP
                                           1700 Lincoln Street, Suite 4000
                                           Denver, Colorado 80203
                                           Tel. 303.861.7760
                                           Fax 303.861.7767
                                           Todd.Seelman@lewisbrisbois.com
                                           Arthur.Biller@lewisbrisbois.com
                                           *Attorneys for Defendant Colliers International WA, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of April, 2019, a copy of the foregoing **DEFENDANT'S ANSWER TO COMPLAINT** was filed with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to the following:

Jonathan Anderson Helfgott
Paul Howard Schwartz
Shoemaker Ghiselli & Schwartz, LLC
1811 Pearl Street
Boulder, CO 80302
jhelfgott@sgslitigation.com
pschwartz@sgslitigation.com
*Attorneys for Plaintiff*

/s/ *Mark Keenan*
A duly signed original is on file at the Law Offices of LEWIS BRISBOIS